EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
ALEXANDER R. MILLER (SBN 294474)
amiller@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
600 West Broadway, Suite 2850
San Diego, CA 92101
Tel: (619) 765-4380

*Additional Counsel Listed on Signature Page*

*Attorneys for Defendants*
NEOLOGY, INC., BRADLEY H. FELDMANN,
OEP CAPITAL ADVISORS, L.P., OEP NEOLOGY
CAYMAN, L.P., and OEP VI GENERAL PARTNER, L.P.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, a California individual,<br><br>     Plaintiff,<br><br>v.<br><br>NEOLOGY, INC., a Delaware corporation; BRADLEY H. FELDMANN, a California individual; OEP Capital Advisors, L.P., a Delaware limited partnership; OEP Neology Cayman, L.P., a Cayman Islands limited partnership; OEP VI General Partner, L.P., a Cayman Islands limited partnership; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No. 3:25-cv-03247-CAB-MMP<br><br>Hon. Cathy Ann Bencivengo<br>Courtroom 15A<br><br>**DEFENDANTS'** *EX PARTE* **APPLICATION TO ISSUE SCHEDULING ORDER AND EXTEND TIME TO RESPOND TO COMPLAINT**<br><br>[Filed concurrently with Declaration of Emil Petrossian]<br><br>Action Filed:      Sept. 25, 2025<br>Action Removed:  Nov. 21, 2025 |

**EX PARTE APP. TO ISSUE SCHEDULING ORDER AND EXTEND TIME TO RESPOND TO COMPLAINT**

## I. **PRELIMINARY STATEMENT**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 12.1, defendants Neology, Inc. ("Neology"), Bradley Feldmann, OEP Capital Advisors, L.P., OEP Neology Cayman, L.P., and OEP VI General Partner, L.P. (collectively, "Defendants") respectfully request an *ex parte* order setting a briefing schedule for Defendants' forthcoming motion to compel arbitration and plaintiff Joseph Mullis's ("Plaintiff") anticipated motion for remand, and extending Defendants' responsive pleading deadline until a reasonable period after the motions have been resolved in the event that the Court denies both of them.

More specifically, Defendants intend to file a motion to compel this case to arbitration. They also anticipate that Plaintiff will file a motion to remand. If both motions are denied, Defendants intend to file a motion to dismiss the complaint. Accordingly, to ensure the orderly sequencing of the motions, avoid unnecessary motion practice, and promote judicial efficiency and economy, Defendants respectfully request that the Court issue an order (1) requiring Plaintiff to file his motion for remand, if any, within 30 days of the Notice of Removal (Dkt. No. 1), in accordance with 28 U.S.C. § 1447(c); (2) requiring Defendants to file their motion to compel arbitration within 14 days of the Court's order on the motion to remand or within seven days of Plaintiff's motion to remand deadline if Plaintiff does not move to remand; and (3) if the Court does not grant Defendants' motion to compel arbitration in full, giving Defendants until 21 days after the Court issues its order to file their responsive pleading.

The schedule proposed above will preserve judicial and party resources by allowing the Court to address threshold and potentially case-dispositive issues in an efficient manner and to avoid overlapping and potentially unnecessary motion practice. As the case has only recently been filed, Plaintiff will not be prejudiced by the proposed schedule in any way; in fact, it benefits him as well. Accordingly, Defendants

respectfully request that the Court grant this *ex parte* application and adopt the proposed schedule.

## II.    RELEVANT BACKGROUND

According to the complaint, Plaintiff worked for Defendants for nearly two decades. (Dkt. No. 1 ("Notice of Removal"); Dkt. No. 1-2 ("Compl.") ¶¶ 15-16.) During this time, Plaintiff entered into a written employment agreement with Neology and, as described in the Notice of Removal, later entered into Incentive Partnership Interest Grant Agreements with OEP Neology Cayman, L.P. and OEP VI General Partner, L.P. (the "OEP Entities") that govern his alleged management equity and other long-term incentive rights (the "Grant Agreements"). (*See* Notice of Removal; Compl. ¶¶ 16–18, 21–25; Dkt. No. 1-2 ("Haney Decl.") Exs. A & D.) The Grant Agreements contain broad arbitration provisions requiring that any suit, action, or proceeding "arising out of or in connection with" the agreements or the transactions they contemplate be resolved by arbitration seated in New York, New York under the Rules of Arbitration of the International Chamber of Commerce ("ICC"). (Haney Decl. Exs. A & D § 12.) Plaintiff's current claims—including his claims concerning the value and payment of his management equity, alleged "pari-passu" investment rights, and alleged unpaid severance and bonus—are based on, derive from, or are inextricably intertwined with the rights and obligations set forth in these agreements and therefore fall squarely within the scope of the arbitration provisions. (*See, e.g.*, Compl. ¶¶ 16–44.)

Plaintiff filed this action in the Superior Court of California, County of San Diego on September 25, 2025, asserting claims for breaches of contracts, failure to pay earned wages, promissory fraud, promissory estoppel, breach of implied covenant of good faith and fair dealing, violation of California Labor Code §§ 98.6, 1102.5, 1102.6, declaratory relief, conversion, violation of California Penal Code § 496, unfair competition, and common counts. (*See* Notice of Removal.) Plaintiff served Bradley H. Feldmann on October 27, 2025, Neology on October 28, 2025, and the OEP Entities

on October 29, 2025. (*See* Notice of Removal.) The case remains in its early stages and no trial date has been set.

On November 21, 2025, Defendants filed a Notice of Removal to this Court pursuant to 9 U.S.C. §§ 203, 205 and 28 U.S.C. §§ 1331, 1367, 1441, 1446, on the ground that this action "relates to" arbitration agreements falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention"). (*See* Notice of Removal.) As explained in the Notice of Removal, the Grant Agreements' ICC arbitration clauses meet all four requirements for an agreement falling under the Convention: they are in writing, arise from a commercial relationship, designate a seat in a Convention signatory (the United States), and involve foreign entities organized under the laws of the Cayman Islands. (*See id.*)

Because Defendants had not answered the complaint in the state court action before removing the case, their deadline to "answer or present other defenses or objections" will be the latest of: (1) 21 days after receipt of the complaint; (2) 21 days after service of the Summons; or (3) seven days after the Notice of Removal is filed. Fed. R. Civ. P. 81(c)(2). Accordingly, based on the November 21, 2025 removal date, Defendants' operative deadline to respond is December 1, 2025—*i.e.*, seven days after removal, extended to the next court day because of the state holiday on November 28, 2025. *See* Fed. R. Civ. P. 6(a)(6)(C).

This is not the first time Plaintiff has attempted to litigate arbitrable issues in this Court. In *Mullis v. J.P. Morgan Chase & Co. et al.*, Case No. 3:24-cv-01334-JES-MSB ("*Mullis I*"), Plaintiff asserted similar claims against J.P. Morgan Chase & Co., Neology, and other entities arising out of his alleged equity rights and the alleged loss of value of those interests. In that case, the parties sought, and the Court granted, an order extending the time for the defendants to respond to Plaintiff's complaint until after an order on Plaintiff's motion to remand. *See Mullis I*, Dkt. No. 5. After the Court denied the motion to remand, the defendants simultaneously filed a motion to compel

4

**EX PARTE APP. TO ISSUE SCHEDULING ORDER AND EXTEND TIME TO RESPOND TO COMPLAINT**

arbitration and motions to dismiss. *See Mullis I*, Dkt. Nos. 28-30, 32. The arbitration agreements in *Mullis I* contained substantially similar language to the ones at issue here, and the Court ultimately granted that motion to compel arbitration pursuant to the Convention and stayed the action. *See Mullis I*, Dkt. No. 43. Accordingly, the defendants' motions to dismiss were denied as moot. *Id.*

As in *Mullis I*, Defendants anticipate that Plaintiff will seek to remand this action, and that the motion will be denied. If the motion to remand is denied or Plaintiff does not file one, Defendants intend to file a motion to compel arbitration and to stay this action under written arbitration agreements governed by the same New York Convention framework that the Court applied in *Mullis I*. If that motion also is denied (and it should not be), Defendants will move to dismiss the complaint on other grounds under FRCP 12.

Accordingly, Defendants bring this e*x parte* application to sequence the parties' forthcoming motions for the sake of avoiding duplicative and potentially unnecessary motion practice.

## III. LEGAL STANDARD

FRCP 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Requests made before the deadline expires are to be evaluated under this liberal "good cause" standard, which the Ninth Circuit has described as "non-rigorous" and construed broadly across procedural contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Accordingly, such requests "should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* In addition, Civil Local Rule 12.1 provides that any extension of time to respond to a complaint requires court approval.

*EX PARTE* **APP. TO ISSUE SCHEDULING ORDER AND EXTEND TIME TO RESPOND TO COMPLAINT**

## IV. ARGUMENT

As set forth below, good cause exists to issue a scheduling order to govern the anticipated motions to remand, to compel arbitration, and to dismiss the complaint. Defendants' request is made in good faith to avoid duplicative motion practice, which will benefit both sides of this dispute while simultaneously promoting judicial efficiency and economy. That Plaintiff is presently proceeding *pro se* only underscores that proper sequencing of the anticipated motions will benefit him and cannot possibly cause him any prejudice.

### A. Plaintiff's Anticipated Motion to Remand and Defendants' Motion to Compel Arbitration Will Raise Threshold, Potentially Case-Dispositive Issues.

Both Plaintiff's anticipated motion to remand and Defendants' intended motion to compel arbitration have the potential to dispose of this case without the need for this Court to consider a motion to dismiss.

Under 28 U.S.C. § 1447(c), after removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)," and "[i]f at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Similarly, under the Federal Arbitration Act ("FAA") and the Convention, arbitrability is a threshold issue that should also be resolved before Defendants are required to litigate the merits in this forum. *See* 9 U.S.C. §§ 3–4, 201–208; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (holding that the court's role is limited to determining whether a valid arbitration agreement exists and whether it encompasses the dispute); *Mullen Techs., Inc. v. Qiantu Motor (Suzhou) Ltd.*, No. 3:19-cv-1979-W-AHG, 2020 WL 3573371, at *3 (S.D. Cal. July 1, 2020) (under the Convention, court must refer parties to arbitration unless agreement is "null and void, inoperative or incapable of being performed").

Based on their meet-and-confer efforts with Plaintiff to date, Defendants anticipate that Plaintiff will seek an order remanding this action to state court. (*See* Declaration of Emil Petrossian, Ex. A.) As the motion to remand will involve a determination regarding the Court's jurisdiction over this matter, it should be decided first. Assuming the Court denies the motion to remand, Defendants intend to file a motion to compel arbitration asking this Court to enforce the Grant Agreements' broad ICC arbitration clauses, which fall under the Convention and require arbitration in New York, New York. These arbitration provisions encompass any suit, action, or proceeding "arising out of or in connection with" the Grant Agreements or the transactions they contemplate—a scope that plainly reaches Plaintiff's claims here. *See* Dkt. No. 1. If Defendants' motion to compel arbitration is ultimately denied (and it should not be), Defendants anticipate they will then move to dismiss the complaint under FRCP 12.

Accordingly, because each of these motions is potentially dispositive of the action in this forum, Defendants respectfully request that the Court issue an order sequencing the briefing on these issues so that they may be considered in turn without unnecessary and overlapping motion practice.

**B.     Requiring Simultaneous Briefing on the Anticipated Motion to Remand, Motion to Compel Arbitration, and Motion to Dismiss Would Waste Judicial and Party Resources.**

Absent a scheduling order, Defendants will need to present their defenses under FRCP 12 by December 1, 2025. *See* Fed. R. Civ. P. 81(c)(2); Fed. R. Civ. P. 6(a)(6)(C). Requiring Defendants to prepare and file a FRCP 12 motion on that compressed schedule—while at the same time opposing Plaintiff's motion to remand and moving to compel arbitration—would create parallel, overlapping briefing in a case that may be remanded or, more likely, will be sent to arbitration. This would impose a substantial, and likely unnecessary, burden on both the Court and the parties that can easily be avoided by an appropriate scheduling order.

This is largely what the Court did in *Mullis I*. There, the Court issued a scheduling order so that the motion to remand would be decided first before the defendants were required to respond to the complaint. *See Mullis I*, Dkt. No. 5. After Plaintiff's motion to remand was denied, the Court granted the motion to compel arbitration and stayed the action, denying the pending motions to dismiss as moot.[1] *See Mullis I*, Dkt. No. 43. As set forth in Defendants' Notice of Removal, the arbitration provisions here are similar to those the Court already upheld in *Mullis I*. Given that Defendants anticipate moving to compel arbitration on essentially the same grounds, the same result should attain here, avoiding the need for an additional FRCP 12 motion. Accordingly, a briefing schedule sequencing the parties' forthcoming motions is warranted to conserve party and judicial resources by avoiding premature and potentially unnecessary motion practice.

### C. The Requested Extension Will Not Prejudice Plaintiff.

The case is at a very early stage. No FRCP 26(f) conference has occurred, no FRCP 16(a) conference has been scheduled, and no scheduling order has issued. Plaintiff will have a full and fair opportunity to bring his motion to remand and oppose the motion to compel arbitration. If the Court denies the motion to remand and grants the motion to compel arbitration—as it did in *Mullis I*—then the case will proceed in the arbitral forum required by the parties' agreements and the Convention, and no further responsive pleading in this Court will be necessary. If the Court denies the motion to remand and motion to compel arbitration, the case will proceed in this forum, with Defendants' responsive pleading due 21 days thereafter. Either way, Plaintiff will not be prejudiced by appropriately sequencing the forthcoming motions. Indeed, considering that Plaintiff is representing himself, he will benefit from the sequencing of the motions and the concomitant preservation of resources.

---

[1] The *Mullis I* parties did not request that the Court stagger the sequencing of the motion to compel arbitration and the motions to dismiss, as Defendants seek to do here.

### D. Defendants Are Acting Promptly and in Good Faith.

Defendants are seeking this scheduling order and extension of time to respond to the complaint immediately after removal, before their FRCP 81(c)(2) deadline expires. Defendants are not seeking to delay this litigation for any tactical advantage, but instead are attempting to sequence proceedings to preserve judicial and party resources by seeking an orderly resolution of the threshold issues of jurisdiction and arbitrability before proceeding on the merits. *See, e.g.*, 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."). These are precisely the types of case-management-oriented scheduling adjustments FRCP 6(b) is designed to facilitate.

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this *ex parte* application and issue an order requiring that: (1) Plaintiff file his motion for remand, if any, within 30 days of the Notice of Removal; (2) Defendants file their motion to compel arbitration within 14 days of the Court's order on the motion to remand, or within seven days of Plaintiff's motion to remand deadline if Plaintiff does not move to remand; and (3) Defendants file their motion to dismiss or other response to the complaint within 21 days of the Court's order on Defendants' motion to compel arbitration, if necessary.

| | |
|---|---|
| DATED: November 24, 2025 | GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP |
| | By: */s/ Alexander R. Miller*<br>Emil Petrossian<br>Alexander R. Miller<br>GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP<br>600 West Broadway, Suite 2850<br>San Diego, CA 92101<br>Tel: (619) 765-4380<br>epetrossian@glaserweil.com<br>amiller@glaserweil.com<br><br>Robert Haney, Jr. (*Pro Hac Vice* Application Forthcoming)<br>FOLEY HOAG LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Tel: (212) 812-0399<br>rhaney@foleyhoag.com<br><br>Leah Rizkallah (*Pro Hac Vice* Application Forthcoming)<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>Tel: (617) 832-1000<br>lrizkallah@foleyhoag.com<br><br>*Attorneys for Defendants*<br>NEOLOGY, INC., BRADLEY H. FELDMANN, OEP CAPITAL ADVISORS, L.P., OEP NEOLOGY CAYMAN, L.P., and OEP VI GENERAL PARTNER, L.P. |