EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
ALEXANDER R. MILLER (SBN 294474)
amiller@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
600 West Broadway, Suite 2850
San Diego, CA 92101
Tel: (619) 765-4380

*Additional Counsel Listed on Signature Page*

*Attorneys for Defendants*
NEOLOGY, INC., BRADLEY H. FELDMANN,
OEP CAPITAL ADVISORS, L.P., OEP NEOLOGY
CAYMAN, L.P., and OEP VI GENERAL PARTNER, L.P.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> NEOLOGY, INC., a Delaware corporation; BRADLEY H. FELDMANN, an individual; OEP CAPITAL ADVISORS, L.P., a Delaware limited partnership; OEP NEOLOGY CAYMAN, L.P., a Cayman Islands limited partnership; OEP VI GENERAL PARTNER, L.P., a Cayman Islands limited partnership; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 3:25-cv-03247-CAB-MMP <br><br> Hon. Cathy Ann Bencivengo <br> Courtroom 15A <br><br> **DECLARATION OF EMIL PETROSSIAN IN SUPPORT OF *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO COMPLAINT** <br><br> [Filed concurrently with Defendants' *Ex Parte* Application] <br><br> Action Filed:     Sept. 25, 2025 <br> Action Removed:  Nov. 21, 2025 |

**DECLARATION**

I, Emil Petrossian, hereby declare as follows:

1.  I am an attorney duly licensed to practice law before all courts of the State of California and before the United States District Court for the Southern District of California. I am a partner at Glaser Weil Fink Howard Jordan & Shapiro LLP, attorneys of record in the above-captioned action for defendants Neology, Inc. ("Neology"), Bradley H. Feldmann, OEP Capital Advisors, L.P., OEP Neology Cayman, L.P., and OEP VI General Partner, L.P. (collectively, "Defendants"). This declaration is submitted in support of Defendants' *Ex Parte* Application to Extend Time to Respond to the Complaint. I have personal knowledge of the facts set forth herein, and if called upon as a witness, I could and would testify competently thereto.

2.  This is not the first litigation plaintiff Joseph N. Mullis ("Plaintiff") has initiated against Neology and other entities arising out of his alleged Neology equity rights and the alleged loss of value of those interests. Plaintiff asserted similar claims in *Mullis v. J.P. Morgan Chase & Co. et al.*, Case No. 3:24-cv-01334-JES-MSB ("*Mullis I*"). In that case, the Court denied a motion to remand the case to state court filed by Plaintiff, and granted a motion to compel arbitration filed by the defendants in that action.

3.  The claims Plaintiff now seeks to raise against Defendants in this case are similar to those in *Mullis I* and involve agreements with similar arbitration provisions. After Plaintiff filed this action in state court, Defendants' counsel sent him an e-mail on November 10, 2025 to discuss a briefing schedule for the case moving forward. As part of that correspondence, Defendants' counsel informed Plaintiff that Defendants intended to remove the action to federal court, and once removed, would seek to compel arbitration. Defendants' counsel then suggested that, to avoid burdening the parties and the Court with multiple motions and oppositions simultaneously, some of which may ultimately be unnecessary, it would be most efficient and economical for the parties to agree in advance to a coordinated briefing schedule. On November 14,

2025, Plaintiff responded "I don't see any basis to discuss or agree to a federal schedule." In response, on November 20, 2025, Defendants' counsel informed Plaintiff that Defendants would proceed with seeking *ex parte* relief upon removing the action. A true and correct copy of this correspondence is attached hereto as **Exhibit A**.

4. Defendants removed the case to this Court on November 21, 2025, and served the removal papers on Plaintiff the same day. (*See* Dkt. Nos. 1, 3.) Immediately after filing the removal papers, Defendants' counsel provided Plaintiff with electronic courtesy copies of the filed documents. Defendants' counsel also notified Plaintiff that, per the Court's Chambers Rules, the parties are required to meet and confer in person or by telephone regarding *ex parte* applications before they are filed. Accordingly, Defendants' counsel requested that Plaintiff meet and confer telephonically on Monday, November 24, 2025 any time after 10:00 a.m. PT for the purpose of discussing a mutually beneficial briefing schedule on the parties' anticipated motions.

5. Plaintiff responded on Sunday, November 23, 2025, stating that he was available to meet and confer on Tuesday, November 25 and proposing an alternative schedule pursuant to which Plaintiff would "file a combined opposition to" Defendants' motion to compel arbitration "along with [his] motion to remand within 30 days." Defendants' counsel promptly responded on November 24 and reiterated why a staggered briefing schedule would be most logical and efficient under these circumstances, noting that Plaintiff's proposal did not provide for an extension of Defendants' time to respond to the complaint, and again requesting that Plaintiff briefly meet and confer by telephone. Defendants' counsel further noted that, because Defendants' current deadline to respond is December 1 and the parties will require guidance from the Court before the upcoming Thanksgiving holiday, Defendants would file their *ex parte* application on November 24 if the parties were unable to reach an agreement. On the afternoon of November 24, Plaintiff further responded that he was available to meet and confer only on November 25. Accordingly, Defendants confirmed to Plaintiff that, in light of the time constraints, Defendants would file the

*ex parte* application on November 24 and would meet and confer with Plaintiff further on November 25 in the hope that the parties are able to reach an agreement.

6. A true and correct copy of the November 21–25, 2025 correspondence with Mr. Mullis is attached hereto as **Exhibit B**.

7. I have directed my office to serve a copy of Defendants' *ex parte* application on Plaintiff in accordance with the Federal Rules of Civil Procedure immediately after this filing. Per the Court's Chambers Rules, my office will also send a copy of Defendants' *ex parte* papers to Plaintiff's e-mail address at joenmullis@gmail.com, with return receipt requested. This is the same e-mail address that Plaintiff has used previously to correspond with Defendants' counsel, including regarding the *ex parte* application. Defendants' counsel have no reason to believe that Plaintiff will have any issues receiving and accessing Defendants' *ex parte* papers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on November 24, 2025, in San Diego, California.

_____
Emil Petrossian