

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JOSEPH N. MULLIS, a California individual,
Plaintiff,

v.

NEOLOGY, INC., a Delaware and California corporation; BRADLEY H. FELDMANN, a California individual; OEP Capital Advisors, L.P., a Delaware limited partnership; OEP Neology Cayman, L.P. a Cayman Islands limited partnership; OEP VI General Partner, L.P. a Cayman Islands limited partnership; and DOES 1 through 50, inclusive,
Defendants.

Case No. 3:25-cv-03247-CAB-MMP

**PLAINTIFF JOSEPH N. MULLIS'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION; DECLARATION OF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION; PROPOSED ORDER**

### I. INTRODUCTION

Plaintiff Joseph N. Mullis opposes Defendants' Ex Parte Application because Defendants have not shown any emergency, imminent prejudice, or legitimate basis to bypass ordinary noticed-motion procedures. Defendants created the timing they now claim justifies ex parte relief by removing the action late on a Friday night (November 21, 2025) and demanding a Monday morning (November 24, 2025) meet-and-confer before Plaintiff had any reasonable opportunity to review the removal filings. (Mullis Declaration, paragraphs 3-4)

Moreover, subject-matter jurisdiction and arbitrability remain unresolved, and Plaintiff has not yet had a fair opportunity to determine whether remand will be sought on jurisdictional grounds, procedural grounds, or both. (Mullis Declaration, paragraph 6). Federal courts must be satisfied that jurisdiction exists before issuing discretionary orders. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). Imposing any remand deadline particularly as to subject matter jurisdiction would be improper and prejudicial—particularly given Plaintiff's pro se status.

Importantly, Defendants had notice of the claims asserted in the Complaint since at least **September 25, 2025** when all Defendants signed a tolling agreement, in effect agreeing that Plaintiff would delay suing, while the parties negotiated potential resolution of ongoing disputes between them. (Mullis Declaration, paragraph 2). They cannot now, **over 60 days later,** claim that there is some exigency warranting scheduling that simply allows them multiple "bites at the apple" – (1) fighting remand first, if at all (and effectively requiring Plaintiff to forfeit timelines that are guaranteed by law for seeking remand); (2) moving to compel arbitration after remand is decided (even if Defendants' basis for removal in the case is **inextricably intertwined** with the alleged rights to compel arbitration under the New York Convention), and (3) thereafter moving to dismiss on grounds not yet communicated to Defendants or this Court. This is not efficiency. It is multiplying proceedings.

## II. LEGAL STANDARD FOR EX PARTE RELIEF

Ex parte relief is reserved for extraordinary circumstances where the moving party faces irreparable prejudice and cannot proceed by a regularly noticed motion. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491-492 (C.D. Cal. 1995):

"When an ex parte motion is filed, it is hand-delivered immediately from the clerk's office to the judge. The judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken. Other litigants are relegated to a secondary

priority. The judge stops processing other motions. Even hearings or trials—where a courtroom full of deserving users of the court are waiting—are often interrupted or delayed."

A party may not create its own urgency through delay and then rely on that self-created timing to justify ex parte relief. *Id.* at 493. Defendants have not met this standard.

### III. 28 U.S.C. § 1447(c) AND RULE 81 CONTROL THE RELEVANT DEADLINES

28 U.S.C. § 1447(c) states: "A motion to remand the case on the basis of any defect **other than** lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If **at any time** before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Federal Rule of Civil Procedure 81(c) is also clear: "A defendant who did not answer before removal **must** answer or present other defenses or objections under these rules within the longest of these periods:

(A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;

(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

(C) 7 days after the notice of removal is filed."

These are the statutory deadlines from which Defendants seek ex parte relief. But Defendants had express notice of the Complaint by September 25, 2025. They were also formally served with the Complaint by October 29, 2025. They have, through that entire time, had sufficient time to prepare an answer or present any defenses or objections. Instead, they waited for the week of Thanksgiving to seek ex parte relief from the deadlines they have long known of, and essentially ask this Court to order Plaintiff to waive his statutory rights regarding when Plaintiff can seek remand. The Court should decline the invitation.

## IV. DEFENDANTS' EX PARTE APPLICATION DOES NOT ADDRESS JURISDICTION

Although Defendants asserted jurisdictional theories in their Notice of Removal, they make no mention of their jurisdictional basis for removal in their Ex Parte Application. This omission is significant: federal courts must confirm jurisdiction exists before exercising any discretionary authority. *Steel Co.*, 523 U.S. at 94–95.

Because Plaintiff has not had an adequate opportunity to review the removal filings and arbitrability of various issues raised in the Complaint (many of which do not even remotely touch on the alleged basis for removal) remains contested, jurisdiction is unresolved, the Court should decline to grant Defendants' request for ex parte relief in the form of a scheduling that contorts the Federal Rules of Civil Procedure.

For clarity, by this opposition, Plaintiff is not asking the Court to resolve jurisdiction at this stage; he asks only that the Court decline to impose a premature remand deadline before he has had a fair opportunity to review the removal papers and determine the proper procedural posture, particularly here where Defendants have told the Court they intend to file a motion to compel arbitration based on the New York Convention. Like other litigants, Defendants should follow the deadlines set by law.

## IV. JURISDICTION IS UNRESOLVED; SCHEDULING RELIEF IS PREMATURE

Under 28 U.S.C. § 1447(c), jurisdictional defects may be raised at any time before final judgment. Procedural defects must be raised within 30 days, but challenges to subject-matter jurisdiction—including defects in federal-question jurisdiction—have no such limitation.

Plaintiff has only just received the removal papers and has not had adequate time to determine whether remand should be sought on jurisdictional grounds, procedural grounds, or both. The Complaint asserts only California state-law claims, and whether Defendants' § 1331 theory is viable requires careful review.

Imposing any remand deadline now—before jurisdiction or arbitrability is resolved—would be improper and unfair, particularly given Plaintiff's pro se status, and Plaintiff's right to file a motion for remand at any time at any time before final judgment in the case.

## V. PLAINTIFF VOIDED THE ARBITRATION CLAUSE BEFORE REMOVAL; ARBITRABILITY MUST BE RESOLVED FIRST

Importantly, on November 21, 2025—before removal—Plaintiff (as a California employee without independent counsel at the time of alleged contracting) formally voided the arbitration, forum-selection, and choice-of-law clauses under California Labor Code § 925 under which Defendants presumably purport to base their motion to compel arbitration. (Mullis Declaration, paragraph 7).

Thus:

- The arbitration clause is disputed,
- Its enforceability must be adjudicated first, and
- Arbitrability impacts the remand analysis.

The Court cannot impose a remand deadline until the § 925 arbitrability issue is resolved. This is particularly true here where Defendants' sole basis for removal is their alleged entitlement to compel arbitration of the claims at issue in this case.

## VI. MULLIS I IS INAPPOSITE AND PROVIDES NO BASIS FOR EX PARTE RELIEF

Defendants repeatedly reference *Mullis I* (Case No. 3:24-cv-01334), but the matters are materially different: (1) The parties are not the same—*Mullis I* involved JPMorgan, J.P. Morgan Chase & Co., Rick Smith, Neology, Inc., Francisco Martinez De Velasco, and Avery Dennison Corp.; this case involves other Mr. Mullis and Defendants including Neology, Bradley H. Feldmann, OEP Capital Advisors, L.P., OEP Neology Cayman, L.P. AND OEP VI General Partner, L.P; (2) The relationships, facts, and disputes are entirely distinct; and

importantly (3) **the scheduling in *Mullis I* was expressly agreed to by joint stipulation.** *Mullis I* (Case No. 3:24-cv-01334) Dkt. 5. (Mullis Declaration, paragraph 8, **Exhibit A**)

*Mullis I* is therefore not applicable. Moreover, Defendants have not provided the *Mullis I* agreements, the removal papers, or the arbitration language, and nothing in the record shows that the arbitrability or jurisdictional issues were comparable. In this case, **Plaintiff voided the arbitration and forum-selection provisions under § 925 before removal, placing arbitrability firmly at issue.** In all, *Mullis I* does not support accelerated scheduling here, and does not relieve Defendants of meeting statutory deadlines all litigants have to meet.

## VII. DEFENDANTS' SELF-CREATED TIMING DOES NOT JUSTIFY EX PARTE RELIEF

A party may not create its own crisis and then rely on it to justify ex parte relief. *Mission Power*, 883 F. Supp. at 493.

Here, Defendants:

(1) *chose when to remove* (having been formally served by October 29, 2025);

2) served the removal papers late Friday evening before a holiday week;

(3) demanded a Monday morning meet-and-confer, and

(4) filed an ex parte motion on Monday after confirming a Tuesday meet-and-confer.

This is the definition of self-created urgency. No emergency exists.

## VIII. DEFENDANTS HAVE NOT MET THE STANDARD FOR EX PARTE RELIEF

Defendants must show:

1. irreparable prejudice, and
2. that they cannot proceed by noticed motion.

They have shown neither.

Rule 81(c)(2) gives Defendants a clear timeline to respond to the Complaint – whether by filing an answer or other motion. Defendants desire to control Plaintiff's remand timing is strategic—not legitimate prejudice. Their application should be denied.

## IX. ANY SCHEDULING SHOULD FOLLOW THE FEDERAL RULES

If the Court sets any deadlines, they should be the standard, neutral deadlines set forth in Fed. R. Civ. P. 81(c)(2). Because jurisdiction and arbitrability remain unresolved, no extra-ordinary scheduling should be imposed now, aside from what the Federal Rules or Local Rules might require in the ordinary course. **If the Court is inclined to extend a courtesy, Plaintiff is not opposed to the Court granting Defendants between 14 and 21 days to meet any deadlines under law, including Fed. R. Civ. P. 81(c)(2).**

## X. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

- Deny Defendants' Ex Parte Application;
- Decline to impose any remand scheduling other than what may be required under the Federal Rules or the Local Rules;
- Require Defendants to comply with Rule 81(c)(2); and
- Allow jurisdictional and arbitrability issues to proceed in the normal course.

Respectfully submitted,

Dated: November 26, 2025

*/s/ Joseph N. Mullis*

**/s/ Joseph N. Mullis**

**Joseph N. Mullis**
1152 Breakaway Drive
Oceanside, CA 92057
Tel: (760) 519-1546
Email: joenmullis@gmail.com
**Pro Se Plaintiff**