# EXHIBIT B

*Privileged & Confidential*

## SIDE AGREEMENT TO INCENTIVE PARTNERSHIP INTEREST GRANT AGREEMENT

This Side Agreement to Incentive Partnership Interest Grant Agreement (this "Side Agreement") is made and entered into effective as of May 24, 2018.

**AMONG:**

**OEP NEOLOGY CAYMAN, L.P.**, an exempted limited partnership formed and registered in the Cayman Islands (the "Partnership");

**OEP VI GENERAL PARTNER, L.P.**, an exempted limited partnership formed and registered under the laws of the Cayman Islands, general partner of the Partnership (the "General Partner") acting by its general partner, OEP VI GP, Ltd;

- and -

**JOE MULLIS** (the "Executive").

**WHEREAS,** the Executive and the General Partner entered into an Incentive Partnership Interest Grant Agreement, dated as of May 24, 2018 (the "Incentive Grant Agreement") for the purpose of the issuance by the Partnership to the Executive of the "Executive Units" (as defined in the Incentive Grant Agreement), subject in all respects to the provisions of that certain First Amended and Restated Exempted Limited Partnership Deed, dated May 24, 2018, by and among the General Partner, One Equity Partners VI, L.P., and the members of the Partnership from time to time party thereto (the "LP Agreement"); and

**WHEREAS,** in connection with the grant of the Executive Units, the Partnership, the General Partner and the Executive wish to confirm and clarify certain matters relating to the Incentive Grant Agreement.

**ACCORDINGLY,** in consideration of the respective covenants and agreements herein contained and other good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), the parties covenant and agree as follows:

1. Unless otherwise defined herein, words and expressions defined in the Incentive Grant Agreement shall have the respective meanings attributed thereto when used herein.

2. The parties hereto acknowledge and agree that, in the event that the Partnership elects to exercise its repurchase rights pursuant to and in accordance with Section 5 of the Incentive Grant Agreement due to the Executive's termination of employment by the Partnership or any of its subsidiaries for reasons other than Cause, the price that the Partnership will pay to repurchase the vested Executive Units will be determined under Section 5 of the Incentive Grant Agreement, but will be no less than $185,000 in the aggregate (or a pro rata amount thereof per Executive Unit, to the extent that the Partnership elects to repurchase less than all of the vested Executive Units then held by the Executive) (the "Minimum Amount").

3. The Executive acknowledges and agrees that, to the extent that the Minimum Amount exceeds the Fair Market Value of the Executive Units at the time of any such repurchase, such excess amount will be treated as ordinary compensatory income, subject to all applicable tax liabilities and withholdings as may be required under applicable law.

4. Notwithstanding the foregoing, and for the avoidance of doubt, the Executive Units shall always be subject to the repurchase and forfeiture conditions of Section 5 of the Incentive Grant Agreement, and all applicable provisions of the LP Agreement.

5. The Executive acknowledges and agrees that nothing herein will be deemed to alter the discretionary nature of the repurchase rights under Section 5 of the Incentive Grant Agreement and in no event shall the Partnership have any obligation to exercise its repurchase right as a result of the protections under this Side Agreement.

6. Subject to this Side Agreement, all terms and conditions set forth in the Incentive Grant Agreement shall remain the same and unamended and in full force and effect (and, to the extent that this Side Agreement is deemed to be an amendment to the Incentive Grant Agreement, the parties acknowledge and agree that this Side Agreement satisfies the amendment provisions set forth in Section 9 of the Incentive Grant Agreement).

[signature page follows]

- 3 -

**IN WITNESS WHEREOF**, the Partnership, the General Partner and the Executive have caused this Side Agreement to be executed as of the date first written above.

**OEP VI General Partner, L.P.**
(on its own behalf, as general partner on behalf of the Partnership and as agent and/or attorney-in-fact for each Limited Partner of the Partnership)

**By its general partner**

**OEP VI GP, Ltd.**

By: _____
Name: ANDREW DUNN
Title: Authorized Signatory


**The Executive:**

**Joe Mullis**


By: _____


in the presence of:    )
Witness                )  _____
Name: Marcia Sproff
Address: 510 Madison Ave, 19th
         NY, NY, 10022

- 3 -

IN WITNESS WHEREOF, the Partnership, the General Partner and the Executive have caused this Side Agreement to be executed as of the date first written above.

**OEP VI General Partner, L.P.**
(on its own behalf, as general partner on behalf of the Partnership and as agent and/or attorney-in-fact for each Limited Partner of the Partnership)

**By its general partner**

**OEP VI GP, Ltd.**

By: _____
  Name:
  Title: Authorized Signatory

**The Executive:**

**Joe Mullis**

By: _____*/s/ Joe Mullis*_____

in the presence of:       )
Witness                   ) _____*/s/*_____
  Name: Frank Hettmann
  Address: 3712 Calle Fino Clarete
            San Clemente CA 92673