# EXHIBIT C

## DEED OF ADHERENCE (SUBSEQUENT INVESTORS)

**THIS DEED** is made on ___May 24___, 2018

**BETWEEN**:

(1) **OEP VI GENERAL PARTNER, L.P.**, whose registered office is at the offices of Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman KY1-1104, Cayman Islands, as the general partner (the *General Partner*) of OEP Neology Cayman, L.P. (the *Partnership*);

(3) **JOE MULLIS**, whose address is 1152 Breakaway Dr. Oceanside, CA 92057 (the *Subsequent Investor*).

**WHEREAS**:

(A) the Partnership is subject to an exempted limited partnership deed dated ___May 24___, 2018 and made between the General Partner, the Initial Limited Partner and the persons whose names and Partnership Interests were set out in Schedule 1 thereto as Limited Partners (the *Partnership Deed*);

(B) the General Partner may admit a Subsequent Investor pursuant to clause 10 of the Partnership Deed; and

(D) the General Partner has given its prior written consent to the admission of the Subsequent Investor subject to the fulfilment of certain conditions, of which the execution and delivery to the General Partner of this Deed is one,

**THIS DEED WITNESSES** as follows:

1. **Definitions and Interpretation**

1.1 In this Deed (including the Recitals), unless the context otherwise requires, words and expressions defined in the Partnership Deed have the same respective meanings and:

*Effective Date* means the date with effect from which the Subsequent Investor shall be admitted as a Limited Partner in accordance with clause 10 of the Partnership Deed; and

1.2 The use of headings and bold italics in this Deed are for ease of reference only and shall not affect the construction of this Deed.

1.3 Capitalized terms used but not defined in this Deed shall have the meaning given to them in the Partnership Deed.

2. **Adherence to Partnership Deed**

2.1 With effect from the Effective Date, the Subsequent Investor shall:

(b) adhere to and be bound by all of the provisions of the Partnership Deed; and

(c) be in all other respects treated as a party to the Partnership Deed

as if the Subsequent Investor were named in the Partnership Deed as a Limited Partner, and had at all times been a party to the Partnership Deed.

2.2     For the avoidance of doubt, it is hereby agreed and declared that this Deed shall not operate to confer any additional rights or benefits over and above those conferred by the Partnership Deed.

**3.     Representations**

3.1     The Subsequent Investor hereby represents and warrants to the Partnership and acknowledges as follows:

(a)     The Subsequent Investor is acquiring the Incentive Partnership Units to be acquired by the Subsequent Investor hereunder for the Subsequent Investor's own account with the present intention of holding such securities for investment purposes and that the Subsequent Investor has no intention of selling such securities in a public distribution in violation of the federal securities laws or any applicable state or foreign securities laws. The Subsequent Investor acknowledges that the Incentive Partnership Interests have not been registered under the Securities Act or applicable state or foreign securities laws and that the Incentive Partnership Interests will be issued to the Subsequent Investor in reliance on exemptions from the registration requirements of the Securities Act and applicable state and foreign statutes and in reliance on the Subsequent Investor's representations and agreements contained herein.

(b)     The execution, delivery and performance by the Subsequent Investor of this Deed and the consummation of the transactions contemplated in the Partnership Deed thereby do not and will not (with or without the giving of notice, the lapse of time, or both) result in a violation or breach of, conflict with, cause increased liability or fees, or require approval, consent or authorization under (A) any law, rule or regulation applicable to the Subsequent Investor, or (B) any contract to which the Subsequent Investor is a party or by which the Subsequent Investor or any of the Subsequent Investor's properties or assets may be bound or affected.

(c)     The Subsequent Investor is an employee of the Partnership and/or its subsidiaries.

(d)     The Subsequent Investor has had an opportunity to ask the General Partner and its representatives questions and receive answers thereto concerning the terms and conditions of the Incentive Partnership Interests to be acquired by the Subsequent Investor hereunder and has had full access to such other information concerning the Partnership and its subsidiaries as the Subsequent Investor may have requested in making the Subsequent Investor's decision to invest in the Incentive Partnership Interests being issued hereunder.

(e)     The Subsequent Investor acknowledges that the Incentive Partnership Interests are subject to the restrictions contained in the Partnership Deed, and the Subsequent Investor has received and reviewed a copy of the Partnership Deed.

(f)     The Subsequent Investor will not sell, Transfer or otherwise dispose of all or any part of the Partnership Interest on an "established securities market", a "secondary market", an "over-the-counter market" or the "substantial equivalent thereof", in each case within the

(g)     The Subsequent Investor will not sell or otherwise transfer, assign, convey, exchange, mortgage, pledge, grant or hypothecate any Incentive Partnership Interests without registration under the Securities Act (and any applicable federal, state and foreign securities laws) or an exemption therefrom, and provided there exists such a registration or exemption, any such transfer of Incentive Partnership Interests by the Subsequent Investor or subsequent holders of Incentive Partnership Interests will be in compliance with the provisions of the Partnership Deed and the Subscription Agreement.

(h)     The Subsequent Investor has all requisite legal capacity and authority to carry out the transactions contemplated by the Partnership Deed and the Subscription Agreement, and the execution, delivery and performance by the Subsequent Investor of this Deed, the Partnership Deed and the Subscription Agreement and all other agreements contemplated hereby and thereby to which the Subsequent Investor is a party have been duly authorized by the Subsequent Investor.

(i)     The Subsequent Investor has only relied on the advice of, or has consulted with, the Subsequent Investor's own legal, financial and tax advisors, and the determination of the Subsequent Investor to acquire the Incentive Partnership Interests pursuant to the Partnership Deed and the Subscription Agreement has been made by the Subsequent Investor independent of any statements or opinions as to the advisability of such acquisition or as to the properties, business, prospects or condition (financial or otherwise) of the Partnership or any of its subsidiaries which may have been made or given by any other Person (including all Persons acquiring Incentive Partnership Interests on the date hereof) or by any agent or employee of such Person and independent of the fact that any other Person has decided to become a holder of Partnership Interests.

(j)     The Subsequent Investor is not acquiring the Incentive Partnership Interests as a result of or subsequent to any advertisement, article, notice or other communication published in any newspaper, magazine, internet publication or similar media or broadcast over television, radio or the internet or presented at any public seminar or meeting, or any solicitation of a subscription by a Person not previously known to the Subsequent Investor in connection with investments in securities generally.

(k)     The Subsequent Investor was not induced to enter into this Deed by expectation of employment or continued employment with the Partnership or any of its subsidiaries.

## 4.   Power of attorney

The Subsequent Investor confirms the grant of the power of attorney to the General Partner in such manner as set out at clause 31 of the Partnership Deed as if it were set out in this Deed in full.

The Subsequent Investor hereby irrevocably constitutes and appoints the General Partner as its true and lawful agent and attorney-in-fact with full power to make, execute, deliver, sign, swear to, acknowledge and file all certificates and other instruments (including, without limitation, the Partnership Deed and any other deeds and any amendments thereto) necessary to carry out the provisions of the Partnership Deed or to admit and accede the Subsequent Investor as a Limited

Partner to the Partnership and to complete any relevant details and schedules of and to the Partnership Deed in respect of the Subsequent Investor's admission as a Limited Partner.

5. **Notices**

For the purposes of clause 23 of the Partnership Deed, all notices, demands or other communications required or permitted to be given or made under the Partnership Deed shall be addressed to the Subsequent Investor at the address or fax number set out below:

address: 1152 Breakaway Drive
Oceanside, CA 92057

fax number: —

email: ~~joem@neology-rfid.com~~ joem@neology.net

6. **Counterparts**

This Deed may be executed in any number of counterparts and by the parties to it on separate counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument.

7. **Governing Law and Jurisdiction**

This Deed is governed by, and shall be construed in accordance with, the laws of the Cayman Islands. Clause 37.2 (Jurisdiction) of the Partnership Deed shall apply mutatis mutandis to this Deed.

[*Signature page follows*]

**IN WITNESS WHEREOF** this Deed has been executed and delivered as a deed on the date appearing at the top of page 1.

| | |
|---|---|
| **EXECUTED** as a **DEED** by ) <br> OEP VI General Partner, L.P. ) <br> (for itself and as general partner ) <br> for and on behalf of the Partnership) ) <br> By its general partner ) <br> OEP VI GP, Ltd. ) <br> By: ) | _/s/ Andrew Dunn_ <br> Name: ANDREW DUNN <br> Title: Authorized Signatory |

in the presence of: )

Name: Marcela Seratt

Address: 510 Madison Ave, 19Fl
NY, NY 10022

| | |
|---|---|
| **EXECUTED** as a **DEED** ) <br> by Joe Mullis ) <br> in the presence of: ) | _____ <br> Name: Joe Mullis |

Witness:

_____

Name:

Address:

*[Signature Page to the Deed of Adherence (Subsequent Investor) – Joe Mullis]*

IN WITNESS WHEREOF this Deed has been executed and delivered as a deed on the date appearing at the top of page 1.

**EXECUTED** as a **DEED** by )
OEP VI General Partner, L.P. )
(for itself and as general partner )
for and on behalf of the Partnership) )
By its general partner )
OEP VI GP, Ltd. )   Name: _____
By: )   Title:   Authorized Signatory

in the presence of: )

Name: _____

Address:


**EXECUTED** as a **DEED** )
by Joe Mullis )   _____/s/ Joe Mullis_____
in the presence of: )   Name: Joe Mullis

Witness:

_____/s/_____

Name: Frank Hoffmann

Address: 3712 Calle Fino Clarete
San Clemente CA 92673


*[Signature Page to the Deed of Adherence (Subsequent Investor) – Joe Mullis]*