EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
ALEXANDER R. MILLER (SBN 294474)
amiller@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
600 West Broadway, Suite 2850
San Diego, CA 92101
Tele: (619) 765-4380

*Attorneys for Defendants*
NEOLOGY, INC., BRADLEY H. FELDMANN,
OEP CAPITAL ADVISORS, L.P.,
OEP NEOLOGY CAYMAN, L.P., and
OEP VI GENERAL PARTNER, L.P.

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NEOLOGY, INC., a Delaware corporation; BRADLEY H. FELDMANN, an individual; OEP CAPITAL ADVISORS, LP, a Delaware limited partnership; OEP NEOLOGY CAYMAN, LP, a Cayman Islands limited partnership; OEP VI GENERAL PARTNER, LP, a Cayman Islands limited partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:25-cv-03247-JES-BJW<br><br>Hon. James E. Simmons, Jr.<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>**[JURY DEMANDED]** |

Defendants Neology, Inc. ("Neology"), Bradley H. Feldmann ("Feldmann"), OEP Capital Advisors, L.P. ("OEP Capital Advisors"), OEP Neology Cayman, L.P., and OEP VI General Partner, L.P. (the "OEP Signatories," and together with OEP Capital Advisors, the "OEP Entities"), by and through undersigned counsel, hereby answer the Complaint of Plaintiff Joseph N. Mullis as set forth below.

## PRELIMINARY STATEMENT

Subject to the specific admissions below and as more fully set forth in this Answer, Defendants deny, generally and specifically, each and every allegation contained in the Complaint and each purported cause of action therein, and further deny that Plaintiff has been damaged in any sum or at all, whether by reason of any act or omission of Defendants or otherwise. Further, by answering the Complaint Defendants do not waive, and expressly preserve, all rights to enforce the parties' arbitration agreements, to require that some or all of Plaintiff's claims be resolved in binding arbitration, and to challenge this forum as improper for some or all claims. To the extent necessary, Defendants deny the allegations in the Complaint's Preliminary Statement, except to the extent those allegations are specifically admitted in response to the remaining paragraphs in the Complaint.

## JURISDICTION AND VENUE

1. Defendants admit that the United States District Court for the Southern District of California has original jurisdiction over this action because its subject matter relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (commonly known as the "New York Convention" or "Convention"). To the extent a further response is required, Defendants deny the remaining allegations in paragraph 1. Nothing in this Answer waives, and Defendants expressly preserve, all rights to enforce the parties' arbitration agreements and to contend that this forum is improper for some or all of Plaintiff's claims.

2. Defendants admit that venue in the United States District Court for the Southern District of California is appropriate because at least one Defendant resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District. To the extent a further response is required, Defendants deny the remaining allegations in paragraph 2. Nothing in this Answer waives, and Defendants expressly preserve, all rights to enforce the parties' arbitration agreements and to contend that this forum is improper for some or all of Plaintiff's claims.

## **PARTIES**

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. To the extent an answer is required, Defendants deny the allegations in paragraph 3.

4. Defendants deny each and every allegation in this paragraph, except that Defendants admit that Neology is a corporation incorporated under the laws of the State of Delaware with its principal place of business in California at 1917 Palomar Oaks Way, Suite 110, Carlsbad, CA 92008.

5. Defendants deny each and every allegation in this paragraph, except that Defendants admit that Feldmann served as Neology's Chief Executive Officer and Chairman.

6. Defendants deny each and every allegation in this paragraph, except that Defendants admit that OEP Capital Advisors is a Delaware limited partnership.

7. Admitted.

8. Admitted.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. To the extent an answer is required, Defendants deny the allegations in paragraph 9.

10. Defendants deny each and every allegation in this paragraph.

11. Defendants deny each and every allegation in this paragraph.

12. Defendants deny each and every allegation in this paragraph.

13. Defendants deny each and every allegation in this paragraph.

14. Defendants deny each and every allegation in this paragraph.

## FACTUAL BACKGROUND

15. Defendants deny each and every allegation in this paragraph, except that Defendants admit that Plaintiff was a former employee of Defendant Neology.

16. Defendants deny each and every allegation in this paragraph, except that Defendants admit that Plaintiff entered into an Employment Agreement with Defendant Neology in or around 2014.

17. Defendants deny each and every allegation in this paragraph, except that Defendants admit that the OEP Entities acquired Neology in or around 2017. Further answering paragraph 17, Defendants state that what Plaintiff refers to as the "MEP" is memorialized in an Incentive Partnership Interest Grant Agreement dated May 24, 2018 (the "First Grant Agreement"), entered into by and among Plaintiff and the OEP Signatories. (*See* Declaration of Robert Haney, Jr., Ex. A, Dkt. Nos. 1-4 to 1-5.) Along with the First Grant Agreement, the parties also entered into a Side Agreement and a Deed of Adherence. (*See* Haney Decl., Exs. B & C, Dkt. Nos. 1-6 to 1-7.) In 2022, Plaintiff and the OEP Signatories entered into a second smaller issuance memorialized in an Incentive Partnership Interest Grant Agreement dated March 1, 2022 (the "Second Grant Agreement," and together with the First Grant Agreement, the "Grant Agreements"). (*See* Haney Decl., Ex. D, Dkt. No. 1-8.)

18. Defendants deny each and every allegation in this paragraph.

19. Defendants deny each and every allegation in this paragraph.

20. Defendants deny each and every allegation in this paragraph.

21. Defendants deny each and every allegation in this paragraph.

22. Defendants deny each and every allegation in this paragraph.

23. Defendants deny each and every allegation in this paragraph.

24. Defendants deny each and every allegation in this paragraph.

25. Defendants deny each and every allegation in this paragraph.

**DEFENDANTS' ANSWER TO COMPLAINT**

26. Defendants deny each and every allegation in this paragraph, except that Defendants admit that Plaintiff was terminated by Neology.

27. Defendants deny each and every allegation in this paragraph.

28. Defendants deny each and every allegation in this paragraph, except that Defendants state that Neology presented Plaintiff with a separation agreement.

29. Defendants deny each and every allegation in this paragraph.

30. Defendants deny each and every allegation in this paragraph, except that Defendants admit that, through counsel, Defendants corresponded with Plaintiff on or around September 29, 2022 regarding the separation agreement.

31. Defendants deny each and every allegation in this paragraph.

32. Defendants deny each and every allegation in this paragraph.

33. Defendants deny each and every allegation in this paragraph.

34. Defendants deny each and every allegation in this paragraph.

35. Defendants deny each and every allegation in this paragraph.

36. Defendants deny each and every allegation in this paragraph.

37. Defendants deny each and every allegation in this paragraph.

38. Defendants admit that the SEC issued an administrative order dated December 26, 2023, in *In the Matter of OEP Capital Advisors, L.P.* (Admin. Proc. File No. 3-21819). The Order speaks for itself and Defendants deny any allegation that is inconsistent with the Order's plain terms, including Plaintiff's incorrect quotation of the order.

39. Defendants deny each and every allegation in this paragraph.

40. Defendants deny each and every allegation in this paragraph.

41. Defendants deny each and every allegation in this paragraph.

42. Defendants deny each and every allegation in this paragraph.

43. Defendants deny each and every allegation in this paragraph.

44. Defendants deny each and every allegation in this paragraph.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Breach of Written Contract (Severance and Pro-Rata Bonus)

(Against All Defendants)

45. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

46. Defendants deny each and every allegation in this paragraph, except that Defendants admit that Plaintiff entered into an Employment Agreement with Neology and that the OEP Entities acquired Neology.

47. Defendants deny each and every allegation in this paragraph.

48. Defendants deny each and every allegation in this paragraph.

49. Defendants deny each and every allegation in this paragraph.

50. Defendants deny each and every allegation in this paragraph.

51. Defendants deny each and every allegation in this paragraph.

## SECOND CAUSE OF ACTION

### Breach of Written Contract (MEP-Underpayment of Vested Equity)

(Against All Defendants)

52. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

53. Defendants deny each and every allegation in this paragraph.

54. Defendants deny each and every allegation in this paragraph.

55. Defendants deny each and every allegation in this paragraph.

56. Defendants deny each and every allegation in this paragraph.

57. Defendants deny each and every allegation in this paragraph.

58. Defendants deny each and every allegation in this paragraph.

# THIRD CAUSE OF ACTION

**Failure to Pay Earned Wages (Bonus and Vested Equity) (Lab. Code §§ 200-204), Waiting-Time Penalties (Lab. Code § 203), and Attorneys' Fees (Lab. Code § 218.5)**

(Against All Defendants)

59. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

60. Defendants deny each and every allegation in this paragraph, except that Defendants admit Plaintiff was employed by Neology until on or around September 2022.

61. Defendants deny each and every allegation in this paragraph, except to the extent it quotes from the statute cited therein for its content.

62. Defendants deny each and every allegation in this paragraph.

63. Defendants deny each and every allegation in this paragraph.

64. Defendants deny each and every allegation in this paragraph.

65. Defendants deny each and every allegation in this paragraph.

66. Defendants deny each and every allegation in this paragraph.

67. Defendants deny each and every allegation in this paragraph.

68. Defendants deny each and every allegation in this paragraph.

69. Defendants deny each and every allegation in this paragraph.

# FOURTH CAUSE OF ACTION

**Breach of Written Contract / Implied In Fact Contract (Pari-Passu Co-Investment Right)**

(Against All Defendants)

70. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

71. Defendants deny each and every allegation in this paragraph.

72. Defendants deny each and every allegation in this paragraph.

73. Defendants deny each and every allegation in this paragraph.
74. Defendants deny each and every allegation in this paragraph.
75. Defendants deny each and every allegation in this paragraph.
76. Defendants deny each and every allegation in this paragraph.

## FIFTH CAUSE OF ACTION

### Fraud (Promissory Fraud)

(Against All Defendants)

77. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.
78. Defendants deny each and every allegation in this paragraph.
79. Defendants deny each and every allegation in this paragraph.
80. Defendants deny each and every allegation in this paragraph.
81. Defendants deny each and every allegation in this paragraph.
82. Defendants deny each and every allegation in this paragraph.
83. Defendants deny each and every allegation in this paragraph.
84. Defendants deny each and every allegation in this paragraph.
85. Defendants deny each and every allegation in this paragraph.

## SIXTH CAUSE OF ACTION

### Promissory Estoppel (Pari-Passu Co-Investment Right)

(Against All Defendants)

86. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.
87. Defendants deny each and every allegation in this paragraph.
88. Defendants deny each and every allegation in this paragraph.
89. Defendants deny each and every allegation in this paragraph.
90. Defendants deny each and every allegation in this paragraph.

**DEFENDANTS' ANSWER TO COMPLAINT**

## SEVENTH CAUSE OF ACTION

## Breach of the Implied Covenant of Good Faith and Fair Dealing

(Against All Defendants)

91. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

92. Defendants deny each and every allegation in this paragraph.

93. Defendants deny each and every allegation in this paragraph.

94. Defendants deny each and every allegation in this paragraph.

95. Defendants deny each and every allegation in this paragraph.

96. Defendants deny each and every allegation in this paragraph.

97. Defendants deny each and every allegation in this paragraph.

98. Defendants deny each and every allegation in this paragraph.

99. Defendants deny each and every allegation in this paragraph.

100. Defendants deny each and every allegation in this paragraph.

## EIGHTH CAUSE OF ACTION

## Retaliation for Asserting Rights (Lab. Code § 98.6) and Whistleblower Retaliation (Lab. Code §§ 1102.5, 1102.6)

(Against All Defendants)

101. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

102. Defendants deny each and every allegation in this paragraph.

103. Defendants deny each and every allegation in this paragraph.

104. Defendants deny each and every allegation in this paragraph.

105. Defendants deny each and every allegation in this paragraph.

106. Defendants deny each and every allegation in this paragraph.

107. Defendants deny each and every allegation in this paragraph.

## NINTH CAUSE OF ACTION

### Declaratory Relief (CCP § 1060) – MEP Valuation/Rights and Pari-Passu Obligations

(Against All Defendants)

108. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

109. Defendants deny each and every allegation in this paragraph.

110. Defendants deny each and every allegation in this paragraph.

111. Defendants deny each and every allegation in this paragraph.

112. Defendants deny each and every allegation in this paragraph.

113. Defendants deny each and every allegation in this paragraph.

114. Paragraph 114 of the Complaint contains legal conclusions and argumentation to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 114.

115. Paragraph 115 of the Complaint contains legal conclusions and argumentation to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 115.

116. Paragraph 116 of the Complaint contains legal conclusions and argumentation to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 116.

## TENTH CAUSE OF ACTION

### Conversion

(Against All Defendants)

117. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

118. Defendants deny each and every allegation in this paragraph.

119. Defendants deny each and every allegation in this paragraph.

120. Defendants deny each and every allegation in this paragraph.

121. Defendants deny each and every allegation in this paragraph.
122. Defendants deny each and every allegation in this paragraph.
123. Defendants deny each and every allegation in this paragraph.
124. Defendants deny each and every allegation in this paragraph.
125. Defendants deny each and every allegation in this paragraph.
126. Defendants deny each and every allegation in this paragraph.
127. Defendants deny each and every allegation in this paragraph.
128. Defendants deny each and every allegation in this paragraph.

## ELEVENTH CAUSE OF ACTION

### Civil Theft (Penal Code § 496, subds. (a), (c))

(Against All Defendants)

129. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

130. Paragraph 130 of the Complaint contains legal conclusions and argumentation to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 130.

131. Defendants deny each and every allegation in this paragraph.
132. Defendants deny each and every allegation in this paragraph.
133. Defendants deny each and every allegation in this paragraph.
134. Defendants deny each and every allegation in this paragraph.
135. Defendants deny each and every allegation in this paragraph.
136. Defendants deny each and every allegation in this paragraph.
137. Defendants deny each and every allegation in this paragraph.

138. Paragraph 138 of the Complaint contains legal conclusions and argumentation to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 138.

## TWELFTH CAUSE OF ACTION

**Unfair Competition (Bus. & Prof. Code § 17200 et seq. – "Unlawful," "Unfair," and "Fraudulent" Prongs)**

(Against All Defendants)

139. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

140. Defendants deny each and every allegation in this paragraph.

141. Defendants deny each and every allegation in this paragraph.

142. Defendants deny each and every allegation in this paragraph.

143. Defendants deny each and every allegation in this paragraph.

144. Defendants deny each and every allegation in this paragraph.

## THIRTEENTH CAUSE OF ACTION

**Common Counts (Money Had and Received; Money Paid/Assumpsit)**

(Against All Defendants)

145. Defendants incorporate by reference the answers in the foregoing paragraphs as if fully set forth herein.

146. Paragraph 146 of the Complaint contains legal conclusions and argumentation to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 146.

147. Defendants deny each and every allegation in this paragraph.

148. Defendants deny each and every allegation in this paragraph.

149. Defendants deny each and every allegation in this paragraph.

150. Defendants deny each and every allegation in this paragraph.

151. Defendants deny each and every allegation in this paragraph.

152. Defendants deny each and every allegation in this paragraph.

153. Defendants deny each and every allegation in this paragraph.

**DEFENDANTS' ANSWER TO COMPLAINT**

## PRAYER FOR RELIEF

The remainder of the Complaint sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendants request that the Court deny Plaintiff's prayer for relief in its entirety.

## AFFIRMATIVE DEFENSES

Defendants assert the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein. Defendants assert the following affirmative defenses without admitting any allegation in the Complaint and without conceding that Defendants bear the burden of proof on any issue where it would not otherwise apply. Defendants have not yet completed an investigation and/or discovery of all the facts and circumstances of the subject matter of the Complaint, and accordingly reserve the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further action as they may deem proper and necessary in their defense upon the completion of said investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Mandatory Arbitration)

Plaintiff's claims are subject to one or more written arbitration agreements governed by the Federal Arbitration Act and/or the Convention. Those agreements require that some or all of Plaintiff's claims be resolved in binding arbitration. Defendants expressly and specifically preserve, assert, and do not waive the right to compel arbitration of some or all claims and to stay this action pursuant to applicable law. Nothing in this Answer shall be deemed a waiver of the right to arbitrate or to challenge the propriety of this forum.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each cause of action set forth therein, fails to state facts sufficient to constitute a cause of action against Defendants.

DEFENDANTS' ANSWER TO COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims, and/or portions of them, are barred by the applicable statutes of limitation, in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims for equitable relief, and/or claims sounding in equity, are barred in whole or in part by laches due to Plaintiff's unreasonable delay and resulting prejudice to Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel, including but not limited to positions taken, reliance induced, and benefits accepted.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by waiver of rights allegedly owed, including through communications, conduct, and failure to timely assert such rights.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Privity / Improper Parties)

Plaintiff's claims are barred, in whole or in part, because one or more Defendants were not Plaintiff's employer, were not parties to the contracts or obligations alleged, and/or otherwise cannot be liable under the asserted theories.

## EIGHTH AFFIRMATIVE DEFENSE

### (Binding Agreements)

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, limitations, valuation procedures, and exclusive remedies contained in the governing agreements and plans, including the Grant Agreements and related documents.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Conditions Precedent)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy conditions precedent to any alleged entitlement to compensation, severance, bonus, equity-related payments, and/or other benefits.

### TENTH AFFIRMATIVE DEFENSE

### (No Enforceable "Pari Passu" Contract / Indefiniteness / No Mutual Consent)

Plaintiff's claims based on an alleged "pari passu" co-investment opportunity are barred, in whole or in part, because no enforceable agreement was formed, any alleged promise lacked material terms, and/or any alleged obligation was contingent on conditions, approvals, and documentation that were not satisfied.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Good-Faith Dispute as to Wages / Penalties)

To the extent Plaintiff seeks statutory penalties (including waiting-time penalties), Defendants contend there was, at all times, a good-faith dispute as to whether any sums were owed and in what amount, and any such penalties are barred or limited.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

Any claim for statutory penalties or liquidated damages because of any nonpayment of wages alleged in the Complaint fails because Defendants' actions were not willful. At all times, Defendants acted reasonably and in good faith with honest intentions, and had no actual or constructive notice of any potential violation of the Labor Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for equitable relief (including under any equitable theory and/or under Business and Professions Code section 17200) are barred, in whole or in

**DEFENDANTS' ANSWER TO COMPLAINT**

part, because Plaintiff has an adequate remedy at law and/or is not entitled to equitable relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Declaratory Relief—No Actual Controversy)

Plaintiff's declaratory relief claim is barred, in whole or in part, because it is duplicative of other claims, fails to present an actual controversy, and/or declaratory relief is unwarranted in the Court's discretion.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule / Contractual Bar to Tort Remedies)

To the extent Plaintiff asserts tort or quasi-tort claims seeking to recover purely economic losses arising from alleged contractual duties and/or the parties' contractual relationship (including claims that are duplicative of the contract-based claims), such claims are barred, in whole or in part, by the economic loss rule and related doctrines limiting tort recovery for contractual disputes.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Conversion of Money / No Identifiable Property)

To the extent Plaintiff asserts conversion or similar tort theories, such claims are barred, in whole or in part, because Plaintiff cannot establish the elements of conversion, including ownership or a right to possession, wrongful dominion, and resulting damages. To the extent any conversion theory is premised on an alleged failure to pay money purportedly owed, such claim fails to the extent it seeks to convert a disputed debt into a tort. To the extent any conversion theory is premised on alleged credit-card charges or similar transactions, such claim fails because the transactions were authorized, not wrongful, not attributable to Defendants, and/or were reimbursed, offset, or otherwise remedied.

/ / /

/ / /

/ / /

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Litigation Privilege—Civil Code § 47(b))

Plaintiff's claims are barred, in whole or in part, by the litigation privilege (Civil Code § 47(b)) to the extent they are premised on communications made in connection with anticipated or pending litigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud-Based Claims / No Reliance)

To the extent Plaintiff asserts fraud-based claims, such claims are barred, in whole or in part, because Plaintiff cannot establish justifiable reliance, causation, and damages, and/or because the alleged fraud is not pled with the required specificity.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

To the extent Plaintiff seeks consequential damages, lost opportunity damages, or other non-contract damages, any alleged damages were not proximately caused by any act or omission of Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's recovery, if any, is barred or reduced to the extent Plaintiff failed to take reasonable steps to mitigate his alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Setoff / Recoupment)

Defendants are entitled to a setoff and/or recoupment for any amounts previously paid, amounts owed to Defendants, and/or any other credits or offsets permitted by law, contract, or equity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Speculative / Uncertain Damages)

Plaintiff's claimed damages are barred or limited to the extent they are speculative, uncertain, remote, or not reasonably ascertainable.

**DEFENDANTS' ANSWER TO COMPLAINT**

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiff's claims, and any equitable relief requested, are barred, in whole or in part, by the doctrine of unclean hands because Plaintiff's own misconduct, inequitable conduct, and/or bad faith directly relates to the matters alleged in the Complaint and makes any recovery or equitable relief unjust.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(After Acquired Evidence)**

To the extent Plaintiff seeks back pay, front pay, reinstatement, or other employment-related equitable relief, any such relief is barred or limited to the extent Defendants later discovered evidence of conduct by Plaintiff that would have independently justified the employment actions alleged and/or would have resulted in the same employment decision. Defendants reserve the right to amend this defense as discovery proceeds.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That the Court enforce the parties' arbitration agreements by compelling arbitration of all claims and staying or dismissing this action pending arbitration;

2. In the alternative, that judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3. That Defendants recover their costs of suit incurred herein and, where authorized by law or contract, reasonable attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

## **JURY DEMAND**

Subject to and without waiver of their position that all of Plaintiff's claims are subject to mandatory arbitration, Defendants demand a trial by jury on all claims and counts triable to a jury.

| | |
|---|---|
| DATED:  December 30, 2025 | GLASER WEIL FINK HOWARD   JORDAN & SHAPIRO LLP<br>Emil Petrossian<br>Alexander R. Miller<br><br>By: */s/ Alexander R. Miller*<br>       Alexander R. Miller<br><br>Robert Haney, Jr. (*Pro Hac Vice* Application Forthcoming)<br>FOLEY HOAG LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Tel: (212) 812-0399<br>rhaney@foleyhoag.com<br><br>Leah Rizkallah (*Pro Hac Vice* Application Forthcoming)<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>Tel: (617) 832-1000<br>lrizkallah@foleyhoag.com<br><br>*Attorneys for Defendants*<br>NEOLOGY, INC., BRADLEY H. FELDMANN, OEP CAPITAL ADVISORS, L.P., OEP NEOLOGY CAYMAN, L.P., and OEP VI GENERAL PARTNER, L.P. |