Joseph N. Mullis
1152 Breakaway Drive
Oceanside, California 92057
*Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, a California individual,<br><br>Plaintiff,<br><br>v.<br><br>NEOLOGY, INC., a Delaware and California corporation; BRADLEY H. FELDMANN, a California individual; OEP Capital Advisors, L.P., a Delaware limited partnership; OEP Neology Cayman, L.P. a Cayman Islands limited partnership; OEP VI General Partner, L.P. a Cayman Islands limited partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:25-cv-03247-JES-BJW<br><br>**PLAINTIFF JOSEPH N. MULLIS'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>*[Filed concurrently with the Proposed Sur-Reply]*<br><br>Date:     January 28, 2026<br>Time:    9:00 a.m.<br>Courtroom: 4B<br><br>Complaint Filed: September 25, 2025<br>Trial Date: None Set |

- 1 -

PLAINTIFF JOSEPH N. MULLIS'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
CASE NO. 3:25-CV-03247-JES-BJW

### *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY

## I. INTRODUCTION

Pursuant to this Court's Chamber Rule III.E, Plaintiff Joseph N. Mullis respectfully and with reservation requests leave to file a sur-reply to address new evidence and new legal arguments raised for the first time in Defendants' Reply Brief (Dkt. 24) in support of their Motion to Compel Arbitration. A sur-reply is warranted because Defendants' Reply improperly introduces: (1) a new legal theory regarding corporate party signatory citizenship under Section 202 of the New York Convention; (2) new evidence through a previously undisclosed declaration; (3) a new alternative basis for Convention coverage under § 202's "reasonable relation" prong; and (4) a new procedural argument that threshold questions are delegated to the arbitrator.

## II. LEGAL STANDARD

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-95 (1990)). A "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). When a party nonetheless raises new arguments or presents new evidence in a reply, "the court may allow the other party to address the new arguments or evidence in a sur-reply." *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003); *see also In re Outlaw Lab'y, LP Litig.*, No. 3:18-CV-1820-GPC-BGS, 2019 WL 1205004, at *3 (S.D. Cal. Mar. 14, 2019) (granting sur-reply to address authority and arguments raised for the first time in reply).

## III. ARGUMENT: GROUNDS FOR SUR-REPLY

Plaintiff respectfully requests an opportunity to address the following:

**First**, Defendants raise for the first time the argument that OEP VI GP Ltd., an "exempted company" incorporated in the Cayman Islands is the dispositive

PLAINTIFF JOSEPH N. MULLIS'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
CASE NO. 3:25-CV-03247-JES-BJW

- 2 -

signatory for foreign citizenship purposes. The original motion focused *exclusively* on the defendant limited partnership entities (OEP Neology Cayman, L.P. and OEP VI General Partner, L.P.) and never mentioned non-party OEP VI GP Ltd. This new argument is a legal pivot designed to avoid the *Carden v. Arkoma Associates,* 494 U.S. 185 (1990) limited partnership citizenship problem Plaintiff identified. Plaintiff had no opportunity to address whether OEP VI GP Ltd. is properly characterized as a "signatory," whether its principal place of business is in the United States, or whether Defendants' novel "trickle-down" citizenship theory is legally valid.

**Second**, Defendants submitted the Declaration of Jessica Marion for the first time with their Reply. This declaration was not filed with the original motion as required by Civil Local Rule 7.1(f)(2)(a), which mandates that "copies of all documentary evidence which the movant intends to submit in support of the motion... must be served and filed with the motion." The Marion Declaration provides detailed ownership percentages, identifies specific foreign investors, and describes the corporate structure of the OEP entities-evidence Plaintiff specifically identified as missing from the original motion. Plaintiff has had no opportunity to depose Ms. Marion, challenge her statements, conduct discovery into the accuracy of her assertions, or present counter-evidence.

**Third**, Defendants raise for the first time an alternative basis for Convention coverage under 9 U.S.C. § 202's "reasonable relation" prong, *arguing* that the Grant Agreements "involve purchase of shares in a Cayman Islands partnership" and "specify foreign law for enforcement." The original motion relied *exclusively* on the foreign citizenship prong and made no effort to establish a "reasonable relation" to a foreign state. Plaintiff's Opposition specifically noted this omission and expressly requested that, should Defendants attempt a "belated showing" on reply, the Court "permit a response to any such later presentation before ruling." Defendants have now made exactly that belated showing, and Plaintiff should be afforded the

- 3 -

PLAINTIFF JOSEPH N. MULLIS'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
CASE NO. 3:25-CV-03247-JES-BJW

opportunity to respond.

**Fourth**, Defendants argue for the first time that threshold questions of scope and validity are delegated to the arbitrator under the ICC Rules, citing *Momot v. Mastro,* 652 F.3d 982 (9th Cir. 2011), *Translarity, Inc. v. Grand Junction Semiconductor Pte. Ltd.,* 2024 U.S. Dist. LEXIS 196550 (N.D. Cal. Oct. 29, 2024), and other authority, none of which appeared in the original motion. The original motion asked this Court and did not question its power to determine all questions, including scope and enforceability. The Reply now contends the Court lacks authority to decide those very issues-a procedural reversal that would moot Plaintiff's Opposition arguments without affording Plaintiff an opportunity to respond.

## IV.   CONCLUSION

Defendants' Reply fundamentally transforms their motion by introducing new evidence and new legal theories that were absent from the original filing. Because the Reply brief adds new evidence and many arguments, Plaintiff respectfully requests leave to file a sur-reply, not exceeding ten pages, to address these new matters and ensure the Court has the benefit of full briefing before ruling.

Dated: January 25, 2026

By: _____
    Joseph N. Mullis, *Pro Se*

- 4 -

PLAINTIFF JOSEPH N. MULLIS'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
CASE NO. 3:25-CV-03247-JES-BJW

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2026, a true and correct copy of the foregoing **PLAINTIFF JOSEPH N. MULLIS'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** was filed electronically with the Clerk of the above-captioned Court utilizing the Court's CM/ECF system, resulting in an automatic transmission of a Notice of Electronic Filing to all counsel of record in the above-referenced proceeding.

*/s/ Joseph N. Mullis*
Joseph N. Mullis

- 5 -

PLAINTIFF JOSEPH N. MULLIS'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
CASE NO. 3:25-CV-03247-JES-BJW